UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 17-60633-CIV-MORENO**

BELINDA JUSTICE,

      Plaintiff,

vs.

ACTING COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

      Defendant.
_____/

## **ORDER GRANTING PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES**

THIS CAUSE came before the Court upon two motions for attorney's fees filed by the Plaintiff's counsel: one brought under 42 U.S.C. § 406(b) for $16,146.00, and another pursuant to 28 U.S.C. § 2412, otherwise known as the Equal Access to Justice Act ("EAJA"), for $5,439.53.

The Defendant Acting Commissioner of Social Security Administration ("Commissioner") has filed a response stating that the Commissioner "has no objection to Plaintiff's request for $5,439.53 in attorney's fees under the EAJA," and "does not object to the amount of fees requested by Plaintiff's attorney under 42 U.S.C. § 406(b) [which totals $16,146.00]"—as long as those fees are found to be reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (holding that, as long as the requested fees are within the twenty-five percent limit of past-due benefits awarded, the court must determine whether "the fee sought is reasonable for the services rendered.").

Considering the amount of time Plaintiff's counsel has devoted to this case and the services performed, as well as hourly billing charge, the Court finds that the benefits awarded to counsel are within the twenty-five percent limit of past-due benefits awarded to the Plaintiff, and not so "large in comparison to the amount of time counsel spent on the case" such that "a downward

adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808. However, while the Court grants both motions, "an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010); *see also Gisbrecht*, 535 U.S. at 796 (explaining that Congress harmonized fees payable under the EAJA with fees payable under section 406(b) in this way: "Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee . . . up to the point the claimant receives 100 percent of the past-due benefits." (alteration in original) (citations and internal quotation marks omitted).

Therefore, upon receiving the smaller amount of attorney's fees under the EAJA, Plaintiff's counsel is to refund that amount to the Plaintiff.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th of June 2020

*/s/ Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record